# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| SANDREW DOSS, | ) |
| Plaintiff | ) |
| vs. | ) Case No. 4:15-cv-01751-MHH-HNJ |
| DR. WILSON, et al., | ) |
| Defendants | ) |

## ORDER

On September 20, 2016, the presiding magistrate judge, pursuant to 28 U.S.C. § 1915A(b)(1), entered a report in which he recommended that the Court dismiss without prejudice the following claims for failure to state a claim upon which relief can be granted:

1. Mr. Doss's supervisory liability claims against Sergeant C. Hamilton based on the June 6, 2015 assault;

2. Mr. Doss's Eighth Amendment medical claims against the Alabama Board of Nursing;

3. Mr. Doss's Eighth Amendment medical claims against Medical Administrator C. G. Wheat;

4. Mr. Doss's Eighth Amendment medical claims against Dr. Wilson based on Mr. Doss's eye condition and requests for an EKG in June 2015; and

5. Mr. Doss's Eighth Amendment medical claims against Medical Administrator Edwina Hamby.

(Doc. 37, p. 16).

The magistrate judge recommended that the Court return the following claims to the magistrate judge for further proceedings:

1. Mr. Doss's Eighth Amendment failure to protect claims against Officer Brian Fife based on the June 6, 2015 assault;

2. Mr. Doss's Eighth Amendment medical care claims against Dr. Wilson and Nurse Practitioner Thomas concerning Mr. Doss's complaints of blood draining from his left ear; and

3. Mr. Doss's Eighth Amendment excessive force and denial of medical care claims against Sergeant C. Hamilton arising out of events which occurred on October 28, 2015.

(Doc. 37, pp. 16-17).

The magistrate judge advised Mr. Doss of his right to file specific written objections within 14 days. (Doc. 37, pp. 17-18). On October 6, 2016, an inmate advocate filed objections on Mr. Doss's behalf. (Doc. 39). On October 24, 2017, the Court entered an order explaining why the Court cannot attribute the inmate

advocate's objections to Mr. Doss. (Doc. 44). The Court gave Mr. Doss an opportunity to adopt the inmate advocate objections as his own by submitting a signed notice. (Doc. 44, p. 2). On November 3, 2017, Mr. Doss filed a motion to adopt the inmate advocate objections. (Doc. 45). The Court grants Mr. Doss's motion.

When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(B)-(C). The Court reviews de novo legal conclusions in a report and reviews for clear error factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also LoConte v. Dugger*, 847 F.2d 745, 749 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006). A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Having reviewed the materials in the Court file, including Mr. Doss's complaint, the report and recommendation, and Mr. Doss's objections, the Court sustains Mr. Doss's objection concerning the magistrate judge's recommendation that the Court dismiss his (Mr. Doss's) supervisory liability claims against Sergeant C. Hamilton based on the June 6, 2015 assault. (*See* Doc. 39). Otherwise, the Court accepts the magistrate judge's recommendation.

Therefore, pursuant to 28 U.S.C. § 1915A(b)(1), the Court **ORDERS** that the following claims are **DISMISSED WITHOUT PREJUDICE**:

1. Mr. Doss's Eighth Amendment medical claims against the Alabama Board of Nursing;

2. Mr. Doss's Eighth Amendment medical claims against Medical Administrator C. G. Wheat;

3. Mr. Doss's Eighth Amendment medical claims against Dr. Wilson based on Mr. Doss's eye condition and requests for an EKG in June 2015; and

4. Mr. Doss's Eighth Amendment medical claims against Medical Administrator Edwina Hamby.

The Court returns to the magistrate judge for further proceedings the following claims:

1. Mr. Doss's supervisory liability claims against Sergeant C. Hamilton based on the June 6, 2015 assault;

2. Mr. Doss's Eighth Amendment failure to protect claims against Officer Brian Fife based on the June 6, 2015 assault;

3. Mr. Doss's Eighth Amendment medical care claims against Dr. Wilson and Nurse Practitioner Thomas concerning Mr. Doss's complaints of blood draining from his left ear; and

4. Mr. Doss's Eighth Amendment excessive force and denial of medical care claims against Sergeant C. Hamilton arising out of events which occurred on October 28, 2015.

Done and entered this 21st day of November, 2017.

_____
MADELINE HUGHES HAIKALA
U.S. DISTRICT JUDGE